UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE SHIRLEY WILLIAMS STEELE,<br><br>Plaintiff,<br><br>-against-<br><br>BOSTON MUTUAL CRITICAL ILLNESS INSURANCE,<br><br>Defendant. | 24-CV-1658 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this action, *pro se*, asserting claims arising out of an insurance policy. Named as Defendant is Boston Mutual Insurance Company ("Boston Mutual"), located in Canton, Massachusetts. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues Boston Mutual, an insurance company located in Canton, Massachusetts, for claims arising out of a dispute about an insurance policy. Venue does not appear to be proper in this court under Section 1391(b)(1), because nothing suggests that the defendant resides in New York, where this district is located. Venue may be proper in this court under Section 1391(b)(2), but only if a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Plaintiff does not allege such facts. Rather, her allegations suggest that a substantial part of the events giving rise to her claims occurred in Massachusetts. Therefore, it appears that venue under both Sections 1391(b)(1) and 1391(b)(2) is proper in the District of Massachusetts.

Even if this court is a proper venue, the Court may transfer the case to any other court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events appeared to have occurred in Massachusetts, where Defendant is located, and where it is reasonable to expect that all relevant documents and witnesses would be located. Thus, the

United States District Court for the District of Massachusetts appears to be a more convenient forum for this action, and this Court transfers this action to that court.[1] 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 11, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[1] Plaintiff recently filed another action against Boston Mutual and one of its agents, which the Court transferred to the District of Massachusetts. *See Steel v. Boston Mutual Ins. Co.*, ECF 1:24-CV-1658, 2 (S.D.N.Y. Mar. 8, 2024).